UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES J. DAVIS,

    Plaintiff,

v.                                              Case No. 5:23-cv-251-TKW/MJF

R. TAYLOR, *et al.*,

    Defendants.
_____/

**FIRST REPORT AND RECOMMENDATION**

Because Plaintiff failed to timely serve four of the six Defendants—D. Seller, A. Granberry, J. Land, and C. Sanders—the District Court should dismiss, pursuant to Rule 4(m), Plaintiff's claims against these Defendants.

**I. BACKGROUND**

On September 18, 2023, Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On October 11, 2023, Plaintiff filed his first amended complaint against Robert Taylor, David Johnson, D. Seller, A. Granberry, J. Land, and C. Sanders (collectively

"Defendants").[1] Doc. 13. This report and recommendation addresses Plaintiff's claims against Seller, Granberry, Land, and Sanders. The undersigned has simultaneously issued a second report and recommendation that recommends dismissal of Plaintiff's claims against Taylor and Johnson as a sanction for Plaintiff's willful failure to obey court orders and to participate in the Rule 26(f) conference.

## A.   The Undersigned Directed Plaintiff to Serve Defendants

On October 12, 2023, the undersigned ordered Plaintiff to effect service of Defendants. Doc. 6. Because Plaintiff is proceeding *pro se*, the undersigned advised Plaintiff to read Rule 4 of the Federal Rules of Civil Procedure. *Id.* at 1. The undersigned also informed Plaintiff that Rule 4(e) governed service upon an individual and that Rule 4(d) allowed Plaintiff the option of sending to Defendants a notice of the commencement of the action and a request that each Defendant waive formal service of process. *Id.* at 1–2. The undersigned set a service deadline of January 10, 2024. *Id.* at 2. The undersigned warned Plaintiff that the failure to effect service timely likely would result in dismissal of

---

[1] Plaintiff subsequently sought leave to file a second amended complaint, which this court granted.

this action. *Id.* at 3. Plaintiff only served Taylor and Johnson timely, but not the four other Defendants.

**B.    The Undersigned's First Order to Show Cause**

On February 12, 2024, the undersigned ordered Plaintiff to show cause for his failure to serve timely Seller, Granberry, Land, and Sanders. Doc. 28. The undersigned ordered Plaintiff to respond by February 26, 2024. The undersigned warned Plaintiff that a failure to respond likely would result in dismissal of Plaintiff's claims against Seller, Granberry, Land, and Sanders. *Id.* Additionally, the undersigned warned Plaintiff that the dismissal would effectively be "a **dismissal with prejudice** because the statute of limitations has run on his claims" and explained to Plaintiff the import of a dismissal with prejudice.

**C.    Plaintiff's Response to the First Order to Show Cause**

On February 23, 2024, Plaintiff responded to the undersigned's first order to show cause. Doc. 30. Plaintiff explained that he employed the Holmes County Sheriff's Department to effect service on Defendants. *Id.* at 1, 2. Plaintiff, however, did not monitor or follow up with the Holmes County Sheriff's Department to determine whether service was completed until more than a month after the service deadline expired. *Id.*

Page 3 of 11

at 3. At that point, a Holmes County Sheriff's Department employee, "Rachel," advised Plaintiff that the Sheriff's Department had only served Taylor and Johnson. *Id.*

**D.  The Undersigned Extends the Service Deadline**

On February 26, 2024, the undersigned granted Plaintiff a permissive extension of the service deadline. Doc. 34. The undersigned provided Plaintiff until April 11, 2024, to serve Seller, Granberry, Land, and Sanders. *Id.* at 1, 3. The undersigned simultaneously issued an initial scheduling order and explained to Plaintiff that Plaintiff could utilize the discovery process to discover service addresses for Seller, Granberry, Land, and Sanders. *Id.* at 4; Doc. 33. The undersigned again warned Plaintiff that the failure to serve Seller, Granberry, Land and Sanders likely would result in dismissal of Plaintiff's claims against them. Doc. 34 at 3–4. Additionally, the undersigned reminded Plaintiff that such a dismissal would effectively be a dismissal with prejudice and again explained the import of a dismissal with prejudice. *Id.* at 4.

### E. The Undersigned's Second Order to Show Cause

On April 24, 2024, because it appeared that Plaintiff still had not served Seller, Granberry, Land, and Sanders, the undersigned ordered Plaintiff to show cause for his failure to effect service timely on these Defendants. Doc. 42. The undersigned imposed a compliance deadline of May 8, 2024. *Id.* at 2. The undersigned again explained that Plaintiff's failure to respond to the order to show cause timely likely would result in dismissal of Plaintiff's claims against Seller, Granberry, Land, and Sanders and such a dismissal effectively would be a dismissal with prejudice. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with that order to show cause.

## II. DISCUSSION

"Service is a jurisdictional requirement," and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). "The plaintiff . . . is responsible for having the summons and complaint served on the defendant" in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277,

1280–81 (11th Cir. 2007). Thus, a plaintiff must ensure that service is completed properly within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* at 1280–81.

Rule 4(m) states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

As noted above, the undersigned ordered Plaintiff to serve all Defendants by January 10, 2024. *See* Doc. 6. Plaintiff did not serve Seller, Granberry, Land, and Sanders. On February 26, 2024, the undersigned granted Plaintiff a permissive extension of the service deadline. The undersigned imposed a compliance deadline of April 10, 2024. To date, Plaintiff has not served Seller, Granberry, Land, and Sanders. The District Court must dismiss Plaintiff's claims against these Defendants unless Plaintiff can establish that an extension of time is warranted.

A.   <u>**Failure to Articulate Good Cause for His Tardiness**</u>

If a plaintiff shows good cause for his failure to timely serve a defendant, the court must extend the deadline. Fed. R. Civ. P. 4(m). Good

cause to extend the deadline for service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam), *superseded in part by rule as stated in Horenkamp v. Vanwinkle and Co., Inc.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)). In determining whether good cause exists, "[c]ourts will look to 'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process,' to determine whether [the plaintiff] satisfied the 'good cause' requirement." *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995) (citations omitted).

Here, Plaintiff failed to respond to the undersigned's second order to show cause. Thus, Plaintiff has not offered any excuse for his continued failure to effect service and he has not demonstrated good cause for an additional extension of the deadline to effect service.

## B.   A Second Permissive Extension Is Not Warranted

Even in the "absence of good cause," a "district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281. In determining whether a permissive extension is

warranted, courts look at the factors set forth in the advisory committee notes to Rule 4. *Horenkamp*, 402 F.3d at 1132–33. For example, "relief may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* at 1132 (quoting Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendments).

In this case, a second permissive extension of time to serve Seller, Granberry, Land, and Sanders is not warranted. There is no evidence that Seller, Granberry, Land, and Sanders were or are evading service. Additionally, the undersigned advised Plaintiff that he could employ the discovery process to obtain the addresses of the four unserved Defendants. The undersigned also informed Plaintiff of the relevant rules regarding service and twice advised Plaintiff that he was required to effect service timely.

Finally, although the statute of limitations has expired and dismissal without prejudice effectively will preclude Plaintiff from refiling his claims in the future,[2] this alone "does not require that the

---

[2] Plaintiff alleged that Defendants' misconduct occurred in October 2019. Doc. 13 at 6–12. The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096,

district court extend time for service of process under Rule 4(m)." *Lepone-Dempsey*, 476 F.3d at 1282. A second extension of the deadline to effect service would be particularly inappropriate in this case because:

- **229 days** (October 12, 2023, to May 28, 2024) have passed since the undersigned initially directed Plaintiff to effect service.

- **92 days** (February 26, 2024 to May 28, 2024) have passed since the undersigned granted Plaintiff a permissive extension of the service deadline.

- the undersigned advised Plaintiff of the relevant Rules of Civil Procedure that govern service on Defendants. Doc. 6 at 1–2.

- the undersigned advised Plaintiff *four times* that his failure to serve Defendants would result in dismissal of his claims against the Defendants. Doc. 6 at 3; Doc. 28 at 2–3; Doc. 34 at 3–4; Doc. 42 at 2.

- the undersigned advised Plaintiff *three times* that the dismissal in this action likely would preclude Plaintiff from refiling his claims in the future. Doc. 28 at 3; Doc. 34 at 4; Doc. 42 at 2.

- Plaintiff failed to comply or respond to the undersigned's order of April 24, 2024.

- Plaintiff has not requested any additional extension to serve Seller, Granberry, Land, and Sanders.

---

1103 n.2 (11th Cir. 2002). Thus, to be timely, Plaintiff's claims had to be filed in October of 2023.

"The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757 n.4 (1980). Delay causes "stale evidence and the fading of material facts in the minds of potential witnesses." *Ryland v. Shapiro*, 708 F.2d 967, 975 (5th Cir. 1983). "[P]ossibilities for error multiply rapidly as time elapses between the original fact and its judicial determination." *Rheuark v. Shaw*, 628 F.2d 297, 303–04 n.10 (5th Cir. 1980). Accordingly, federal courts have a duty to ensure that cases are progressing toward a resolution. Plaintiff's lack of diligence in prosecuting this action has prevented his claims from being resolved timely on the merits. The District Court, therefore, should dismiss Plaintiff's claims against Seller, Granberry, Land, and Sanders without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (affirming denial of permissive extension where the plaintiff failed to act even after he was notified of the insufficiency in service).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** without prejudice

Plaintiff's claims against Defendants D. Seller, A. Granberry, J. Land, and C. Sanders pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

At Pensacola, Florida, this <u>28th</u> day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**