UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES J. DAVIS,

    Plaintiff,

v.     Case No. 5:23-cv-251-TKW/MJF

R. TAYLOR, *et al.*,

    Defendants.
_____/

## SECOND REPORT AND RECOMMENDATION

Defendants Robert Taylor and David Johnson move to dismiss this civil action because Plaintiff refused to participate in the Rule 26(f) conference and failed to comply with the undersigned's orders regarding discovery. Plaintiff has not responded in opposition, despite being afforded an opportunity to do so. Doc. 41. Because Plaintiff has willfully disobeyed multiple orders issued by the undersigned, and because he has refused to participate in the Rule 26(f) conference, the District Court should dismiss this civil action with prejudice.

### I. BACKGROUND

On September 18, 2023, Plaintiff, a former prisoner, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On

October 24, 2024, Plaintiff filed a second amended complaint against Robert Taylor, David Johnson, D. Seller, A. Granberry, J. Land, and C. Sanders. Doc. 13. This report and recommendation addresses Plaintiff's claims against Taylor and Johnson ("Defendants"). The undersigned has simultaneously issued a first report and recommendation that recommends, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, dismissal of Plaintiff's claims against Seller, Granberry, Land, and Sanders because Plaintiff failed to effect service timely.

A. **Plaintiff's Factual Allegations**

In his second amended complaint, Plaintiff alleges that, while Plaintiff was a prisoner in the custody of the Florida Department of Corrections ("FDC"), Taylor and Johnson sprayed chemical agents on Plaintiff, "slammed plaintiff to the concrete floor," and inserted a metal object into Plaintiff's rectum. *Id.* at 9–10. Plaintiff claims that he suffered "nerve damages in his left shoulder, back [and] neck" and injuries to his rectum. *Id.* at 15. For relief, Plaintiff requests damages. *Id.* at 16.

B. **The Undersigned's Scheduling Order**

On February 26, 2024, the undersigned issued an initial scheduling order. Doc. 33. The undersigned ordered Plaintiff and Defendants'

counsel to "confer (personally, by phone, or electronically)" as required under Rule 26(f) of the Federal Rules of Civil Procedure. *Id.* at 3. Furthermore, the parties were required to submit a joint report. *Id.* Although both parties were equally responsible for ensuring that the Rule 26(f) conference occurred and that the joint report was filed, Plaintiff was required to "initiate arrangements for the conference and filing of the report." *Id.* The undersigned imposed a compliance deadline of March 27, 2024, for the Rule 26(f) conference. *See id.* The parties' joint report was due on April 10, 2024. *See* Doc. 33.

C. **Defendants' First Motion for Sanctions**

1. *Request for a Notarized Medical Release Form*

Because Plaintiff alleges that he suffered serious physical injuries, Defendants sought Plaintiff's medical records from the FDC. In order to obtain these records, Defendants needed a notarized medical release from Plaintiff. Defendants, therefore, requested that Plaintiff complete and notarize a medical release form. Doc. 22-4 at 3; *see* Doc. 22-3 at 1. On December 18, 2023, Plaintiff returned a signed medical release form. Doc. 22-4 at 2. Plaintiff, however, did not have his signature notarized. Doc. 22-1 at 1–2.

On January 17, 2024, Defendants sent to Plaintiff a second medical release form and explained to Plaintiff that his signature had to be notarized for Defendants to obtain Plaintiff's medical records from the FDC. Doc. 22-2 at 1; Doc. 22-3 at 1; Doc. 22-4 at 1. On or about January 18, 2024, Plaintiff responded to Defendants stating that Defendants were harassing Plaintiff and that he would not have his signature notarized. Doc. 22-5 at 1. On January 23, 2024, after receiving Plaintiff's response, Defendants' counsel again contacted Plaintiff and requested that Plaintiff have his signature notarized. Doc. 22-4 at 1. Plaintiff again refused. *Id.*

### 2. *Defendants' Motion to Compel*

On February 5, 2024, Defendants moved to compel Plaintiff to produce a signed and notarized medical release form. Doc. 22. On February 12, 2024, Plaintiff responded in opposition. Doc. 29. In his response, Plaintiff asserted that he could not afford to pay for notarization. Plaintiff also asserted that he could not have his signature

notarized because he uses a wheelchair or crutches to ambulate. Plaintiff did not provide any support for these assertions.[1]

### 3. *The Undersigned Ordered Plaintiff to Provide a Notarized Medical Release Form*

On February 26, 2024, the undersigned granted Defendants' motion to compel. Doc. 32. The undersigned ordered Plaintiff to provide a completed, signed, and notarized medical release to Defendants. *Id.* The undersigned imposed a compliance deadline of March 15, 2024. *Id.* Plaintiff did not object to the undersigned's order. As of the date of this report and recommendation, Plaintiff also has not complied with that order.

### 4. *Counsel's Attempt to Confer with Plaintiff*

On March 19, 2024, Defendants' counsel called Plaintiff because Plaintiff's deadline to comply with the undersigned's order of February 26, 2024, had expired. Defendants' counsel inquired whether Plaintiff intended to provide a notarized medical release form. Doc. 37 ¶ 9.

---

[1] As to Plaintiff's ability to pay for notarization, Plaintiff paid the $402 filing fee upon commencement of this suit. Plaintiff also paid $240 for personal service. Thus, it is not readily evident that Plaintiff is unable to afford notarization, which should cost $25 or less. *See* Fla. Stat. § 117.275.

Plaintiff stated that he would not do so and that he would appeal any court order requiring him to do so because Plaintiff was a "disabled veteran who had the full force of the United States military behind him." *Id.* ¶¶ 10, 12. Plaintiff then hung up the phone on Defendants' counsel. *Id.* ¶ 12. Defendants' counsel called Plaintiff back, and Plaintiff again reiterated that he would not provide Defendants with a notarized medical release form. *Id.* ¶ 13.

### 5. *Defendants File Their First Motion for Sanctions*

On March 20, 2024, Defendants moved for the undersigned to sanction Plaintiff for his failure to provide a notarized form. Doc. 37 Specifically, Defendants requested that the District Court preclude Plaintiff from introducing into evidence Plaintiff's medical records. *See id.* at 7. Defendants also advised the undersigned that Plaintiff had been uncooperative regarding scheduling the Rule 26(f) conference. *Id.* ¶ 9 n.1.

### D. The Undersigned's Order for Plaintiff to Respond to Defendants' First Motion for Sanctions

On March 21, 2024, the undersigned advised Plaintiff that Plaintiff was required to comply with court orders, including orders compelling discovery and the initial scheduling order. Doc. 38 at 1. Specifically, the undersigned explained:

> [A] *pro se* litigant is required to comply with all procedural rules and court orders. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (*pro se* litigants are not excused from compliance with procedural rules in ordinary civil litigation); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("once a pro se . . . litigant is in court, he is subject to the relevant law and rules of court"). The willful and intentional failure to comply with court orders can result in sanctions, up to and including dismissal of the complaint. *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023) (affirming district court's dismissal of plaintiff's claim because plaintiff failed to obey a court order to provide or permit discovery); *see* Fed. R. Civ. P. 16(f) (permitting courts to dismiss an action in whole or in part if a party fails to comply with the court's scheduling order); Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii) (listing available sanctions for failure to comply with discovery); N.D. Fla. Loc. R. 41.1.

*Id.* at 1–2; *see id.* at 3.

The undersigned also explicitly warned Plaintiff that **"Plaintiff's failure to comply with the court's scheduling order and participate in the Rule 26(f) conference likely will result in dismissal."** *Id.* at 3 (emphasis added).

Finally, the undersigned ordered Plaintiff to respond to Defendants' first motion for sanctions. *Id.* The undersigned imposed a compliance deadline of April 4, 2024. *Id.* The undersigned warned Plaintiff that Defendants' motion could be granted by default if Plaintiff did not respond. Doc. 38 at 3.

As of the date of this report and recommendation, Plaintiff has not responded to Defendants' first motion for sanctions.

### E.  Defendants' Second Motion for Sanctions

#### 1.  *Defendants' Counsel's Multiple Attempts to Schedule the Rule 26(f) Conference*

On March 7, 2024, in an attempt to schedule the Rule 26(f) conference, Defendants' counsel sent to Plaintiff an email. Doc. 39-1 at 4. Defendants' counsel provided Plaintiff with seven dates that counsel was available to conduct the conference. *Id.* Defendants' counsel explained that the conference could occur "over the phone or over Zoom if necessary." *Id.* On March 8, 2024, Plaintiff replied to the email, "I am disable veteran on crutches/wheelchair." *Id.* (error in original).

On March 8, 2024, Defendants' counsel responded to Plaintiff and again advised Plaintiff that the conference could occur telephonically or via Zoom. *Id.* at 3. Plaintiff did not respond to that email.

On March 13, 2024, Defendants' counsel sent another follow-up email and requested that Plaintiff provide his availability for the conference. Doc. 39-1 at 2.  Plaintiff did not respond to that email.

On March 19, 2024, Defendants' counsel sent yet another follow-up email. Defendants' counsel informed Plaintiff that the initial scheduling

Page 8 of 20

order required the parties to conduct a Rule 26(f) conference. *Id.* Defendants' counsel reiterated that counsel was available to hold the conference telephonically or via Zoom. *Id.* Plaintiff did not respond to that email.

Later that day, Defendants' counsel called Plaintiff to address, among other things, the date for the Rule 26(f) conference. Doc. 39 at ¶ 8. Plaintiff responded that he was "always available," but when Defendants' counsel proposed March 21 and March 27 for the conference, Plaintiff indicated he was not available those dates. *Id.* at ¶ 9.

Defendants' counsel, therefore, suggested that the conference occur telephonically on March 25, 2024, at 10:00 a.m. *Id.* In response, Plaintiff stated, "What are you stupid? What don't you understand about what I said. I am always available, except for the two dates I mentioned." *Id.* Defendants' counsel, therefore, advised Plaintiff that counsel would reach out on March 25, 2024, at 10:00 a.m. to conduct the Rule 26(f) conference.

### 2. *Defendants' Counsel's Attempt to Conduct the Rule 26(f) Conference*

On March 25, 2024, at approximately 9:55 a.m., Defendants' counsel called Plaintiff twice. Doc. 39-2 ¶ 3; Doc. 39-3 at 2. Both calls

went directly to Plaintiff's voicemail. Doc. 39-2 ¶ 3. Because Plaintiff's voicemail inbox was full, Defendants' counsel could not leave a voicemail. *Id.* Defendants' counsel suspected Plaintiff had blocked counsel's number and asked his paralegal to call Plaintiff from the paralegal's office phone. *Id.* ¶ 4; *see* Doc. 39-3 at 2. Plaintiff answered that call.

The paralegal explained to Plaintiff that Defendants' counsel had attempted to call Plaintiff. Plaintiff advised that he had not received a call. Doc. 39-2 ¶ 4. The paralegal explained that Defendants' counsel would try calling again from Defendants' counsel's office phone number. *Id.*

At 9:58 a.m., Defendants' counsel tried for a third time to call Plaintiff. *Id.* ¶ 5; Doc. 39-3 at 2. The call immediately went to voicemail, and Defendants' counsel was unable to leave a voicemail.

At 10:02 a.m., the paralegal again called Plaintiff. Doc. 39-2 ¶ 6; Doc. 39-3 at 2. The paralegal asked Plaintiff if there was an issue with Plaintiff's telephone because Defendants' counsel's calls were immediately forwarded to voicemail. Doc. 39-2 ¶ 6. Plaintiff repeated that he had not received any calls from Defendants' counsel. *Id.*

Defendants' counsel spoke with Plaintiff and requested Plaintiff unblock counsel's phone number so that they could conduct the settlement conference.[2] Plaintiff responded that Plaintiff would block whomever he wanted and would not unblock counsel's phone number. *Id.* Defendants' counsel reminded Plaintiff that the court had ordered the parties to participate in a Rule 26(f) conference and if Plaintiff refused, counsel would file a second motion for sanctions. Plaintiff responded, "You can do whatever you want" and the call ended. Doc. 39-2 ¶ 7.

### 3. *Defendants File Their Second Motion for Sanctions*

Because Plaintiff refused to participate in the Rule 26(f) conference, on March 26, 2024, Defendants filed their second motion for sanctions and requested that the District Court dismiss this civil action. Doc. 39.

### F. Rule 26(f) Report

On March 27, 2024, Defendants filed a unilateral Rule 26(f) report because Plaintiff refused to cooperate at the Rule 26(f) conference. Doc. 40 at 1. As of the date of this report and recommendation, Plaintiff has not filed a Rule 26(f) report.

---

[2] Defendants' counsel had his legal materials and relevant documents in his office and wanted to conduct the telephonic conference from that office and not from the paralegal's desk.

## G. Order to Respond to Defendant's Second Motion

On March 27, 2024, the undersigned ordered Plaintiff to respond to Defendants' second motion for sanctions. Doc. 41. The undersigned explained that Plaintiff's response "**must address** why this case should not be dismissed for Plaintiff's failure to comply with two court orders and his obligations under the Federal Rules of Civil Procedure." *Id.* at 2–3. The undersigned provided Plaintiff a deadline of April 10, 2024. The undersigned warned Plaintiff that Plaintiff's failure to comply with that order likely would result in dismissal of this action. *Id.* at 2. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## H. Summary of Plaintiff's Failure to Comply with Court Orders

In summary, Plaintiff has failed to comply with the following court orders:

- the undersigned's order of February 26, 2024 (ordering Plaintiff to provide a signed, completed, and notarized medical release form to Defendants);

- the undersigned's initial scheduling order of February 26, 2024 (ordering the parties conduct a Rule 26(f) conference and submit a joint report);

- the undersigned's order of March 21, 2024 (ordering Plaintiff to respond to Defendants' first motion to compel); and

- the undersigned's order of March 27, 2024 (ordering Plaintiff to respond to Defendants' second motion for sanctions and to "address why this case should not be dismissed for Plaintiff's failure to comply with two court orders and his obligations under the Federal Rules of Civil Procedure.")[3]

## II. Discussion

Defendants seek dismissal of this action under Rule 37 of the Federal Rules of Civil Procedure. Doc. 39 at 1. Rule 37 of the Federal Rules of Civil Procedure provides that, when a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . , the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37 (b)(2)(A); *cf.* Fed. R. Civ. P. 16(b) (authorizing a court to issue any just order, including imposing a sanction authorized by Rule 37(b)(2)(A)(ii)-(vii), if a litigant fails to obey a scheduling order). Rule 37 states that a district court may enter an order:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[3] Plaintiff also failed to comply with three additional court orders: (1) the undersigned's order of February 26, 2024, to serve all the remaining Defendants, Doc. 34; (2) the undersigned's order of February 26, 2024, to file an amended complaint, Doc. 31; and (3) the undersigned's order of April 24, 2024, to show cause for failing to serve the remaining Defendants.

**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

**(iii)** striking pleadings in whole or in part;

**(iv)** staying further proceedings until the order is obeyed;

**(v)** dismissing the action or proceeding in whole or in part;

**(vi)** rendering a default judgment against the disobedient party; or

**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37 (b)(2)(A)(i)-(vii).

A district court's power to impose dismissal against the non-compliant party is a severe sanction, and, therefore, should be used only as a last resort. *Consumer Fin. Prot. Bureau*, 69 F.4th at 1331. A district court should impose this sanction only when it finds that: (1) there is a clear record of delay, bad faith, or willful contempt; and (2) no lesser sanctions would sufficiently vindicate the relevant interests. *Watts v. Ford Motor Co.*, 648 F. App'x 970, 973 (11th Cir. 2016); *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005). Thus, a "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not satisfy a Rule 37 default

judgment or dismissal." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Similarly, under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comm'cns,* 178 F.3d 1373, 1374 (11th Cir. 1999).

A. **Plaintiff's Failure to Comply with the Undersigned's Orders Was Not a Result of Simple Negligence, Misunderstanding or Inability to Comply**

   1. *Failure to Comply with Multiple Orders*

Here, Plaintiff failed to comply with a discovery related order and failed to comply with the initial scheduling order that required Plaintiff to participate in the Rule 26(f) conference and submit a joint report. The fact that Plaintiff failed to comply with more than one court order indicates that the failure to comply was intentional or willful. *See French v. M&T Bank,* 315 F.R.D. 695, 697 (N.D. Ga. 2016) (dismissing case because of the plaintiff's violation of a court order to participate in a Rule

26(f) conference, her failure to respond to discovery requests, and failure to respond to the defendant's inquiries about discovery disputes).

### 2. *Delay in Litigation*

Plaintiff's multiple refusals to comply with the undersigned's orders have prevented this civil action from proceeding timely toward a resolution. Plaintiff has prevented Defendants from obtaining documents that are necessary for Defendants to evaluate and defend against Plaintiff's claims. Plaintiff also has precluded the parties from meaningfully conferring as required by Rule 26(f). *See* Doc. 40 at 1–2.

### 3. *The Orders Clearly Directed Plaintiff to Act*

Furthermore, it is clear that Plaintiff's conduct was not a result of a misunderstanding. The undersigned's order granting Defendants' motion to compel clearly directed Plaintiff to send to Defendants a signed and notarized medical release form. The undersigned's scheduling order clearly directed Plaintiff to arrange and hold a Rule 26(f) conference. In addition to these clear directives, Plaintiff was warned of the consequences of his failure to comply with the undersigned's orders. Specifically, the undersigned warned Plaintiff that **"Plaintiff's failure to comply with the court's scheduling order and participate in**

**the Rule 26(f) conference likely will result in dismissal.**" Doc. 38 at 3.

Despite this admonition, Plaintiff blocked counsel's phone number and contumaciously refused to participate in the Rule 26(f) conference as required by the undersigned's order. This too suggests that Plaintiff's conduct was intentional and willful. *See Moon*, 863 F.2d at 837 ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *see also Haji v. NCR Corp.*, 834 F. App'x 562, 563–64 (11th Cir. 2020) ("Where a litigant has been forewarned of the possibility of dismissal as a potential sanction, the ultimate dismissal of his case is generally not an abuse of discretion."); *Lyons v. O'Quinn*, 746 F. App'x 898, 902 (11th Cir. 2018) (affirming district court's dismissal and noting the offending party had been warned that dismissal would be likely).

4.     ***Plaintiff's Failure to Respond to Defendants' Motions***

Finally, as of the date of this report and recommendation, Plaintiff has not provided any explanation for his conduct. He has not opposed Defendants' motions for sanctions. Plaintiff has not contested the

matters set forth in Defendants' motions for sanctions and exhibits. Defendants' motions and the exhibits attached thereto suggest that Plaintiff's conduct was not simply a result of negligence or inadvertence. "Since the plaintiff bears the burden of justifying [his] conduct, [he] must suffer the consequences of [his] silence." *French*, 315 F.R.D. at 697. Defendants' two motions for sanctions and the exhibits attached thereto indicate that Plaintiff willfully disregarded the undersigned's orders and remained defiant even in the face of possible sanctions.

B.   **No Lesser Sanction Would Suffice**

Any sanction short of dismissal would be insufficient to deter Plaintiff and others who would seek to disobey the orders of federal courts. For instance, a mere admonition or threat of sanctions would not ensure compliance. The undersigned already attempted to employ those measures, to no avail. Indeed, at the time of Plaintiff's failure to participate in the Rule 26(f) conference, Plaintiff knew that Defendants already had filed a motion for sanctions regarding Plaintiff's refusal to obtain notarization of his signature. The undersigned also had admonished Plaintiff that sanctions, including the sanction of dismissal, could be imposed. Doc. 38 (warning Plaintiff that failing to participate in

the Rule 26(f) conference could result in dismissal); *see* Doc. 41 (warning Plaintiff that failing to respond to the motion could result in dismissal). None of this deterred Plaintiff. "Nothing short of putting the plaintiff out of court will properly punish his serious and protracted violation of the rules and adequately deter future violations by other parties." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006).

### III. CONCLUSION

Because Plaintiff refused to participate in the Rule 26(f) conference and willfully disobeyed multiple court orders, the undersigned respectfully **RECOMENDS** that the District Court:

1. **DISMISS** this action with prejudice as a sanction for Plaintiff's conduct.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 28th day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. §**

**636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**